BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
ERIN C. BLACKADAR, IDAHO STATE BAR NO. 8996
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>TYLER DUNCAN,<br><br>Defendant. | Case No. 1:25-cr-00078-BLW<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Bart M. Davis, United States Attorney,

and the undersigned Assistant United States Attorney for the District of Idaho, submits the

following memorandum setting forth the Government's position at sentencing. The Government

recommends that the Court sentence the Defendant to a term of imprisonment of 78 months,

which is at the low end of the guideline range, and five years of supervised release. A below

guideline sentence is not supported by the § 3553(a) factors.

## BACKGROUND

On March 5, 2024, a user at an Internet Protocol (IP) address assigned to a residence in

Meridian, Idaho, distributed 1,576 files depicting child sexual abuse material (CSAM) to a law

enforcement computer using the BitTorrent peer to peer file-sharing network over the internet.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

Law enforcement determined the IP address used to distribute the CSAM files was associated with the Defendant, Tyler Duncan, in Meridian, Idaho.  In January 2025, investigators obtained and executed a federal search warrant to search the residence and associated vehicles for evidence related to the crimes of possession of CSAM.

During the execution of the search warrant the Defendant was cooperative and agreed to speak with investigators.  In a post-*Miranda* interview, the Defendant initially stated that he used BitTorrent for gaming, that no one else used his computers, and that he was not attracted to children.  He then admitted to searching for pornography using search terms "16 and up."  He stated that he experienced "post nut clarity" where, once he was finished utilizing the CSAM files, he felt regret for searching or viewing them.  He further stated that investigators may find deleted CSAM on his personal computer.  He stated that he plays a fictional game online that includes underage characters who engage in sexual acts.  He also stated that he stopped using BitTorrent in the spring of 2024.  Eventually, the Defendant admitted that investigators may find artificial intelligence (AI) generated CSAM on his phone.  He stated that he has tried to use real CSAM images to masturbate but prefers AI generated CSAM.

During the forensic review process, investigators located CSAM and IA generated CSAM on three of Defendant's electronic devices.  In total, the Defendant possessed 1,576 CSAM images, which were shared with law enforcement via BitTorrent, and 500 AI generated CSAM images. These images depict the sexual abuse of infants and toddlers, and the AI images portray children being subjected to sadistic or masochistic abuse. Below are descriptions of three files from the Defendant's collection, with descriptions one and two involving real children, while description three is an AI generated image:

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

**Description 1:** This file appears to be one image containing 20 smaller images as a compilation of images representing a video. A toddler aged naked female child (approximately 2-4 years of age) is lying on her back naked while a grown male penetrates the child's vagina digitally.

**Description 2:** This file appears to be one image containing 20 smaller images as a compilation of images representing a video. These images depict two fully naked adult males and one naked minor toddler aged child (likely 2-4 years of age), where one male appears to have his penis either in the child's anus or vagina (child on her hands and knees), while the child is performing oral sex on the other adult male's erect penis.

**Description 3:** This file appears to be an AI generated image (near life like in appearance) of a prepubescent black haired minor female (likely between the ages of 6-11) who is handcuffed with her hands held above her head with a chain. The minor is completely naked, only wearing white stockings around her legs. The child has a red collar around her neck with a rope tied to a meat or butcher's hook (J-shape) that is hooked inside her vagina that is held in place by the neck collar.

**SENTENCING CALCULATION**

I.          **United States Sentencing Guidelines Calculation**

A.          Offense Level Calculation

The Defendant's total offense level is 30. The Government does not object, in this particular case, to the Court granting a 2-level downward variance to eliminate the use of a computer enhancement under USSG § 2G2.2(b)(6). Such a variance is typically given in this District unless the Defendant used the computer in a unique, aggravated, or atypical manner. If

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

the Court grants a 2-level downward variance to eliminate the use of a computer enhancement, the total offense level will be 28.

> B. <u>Criminal History Calculation</u>

The Defendant's criminal history category is I.

> C. <u>Advisory Guideline Range</u>

The guideline range is 97 to 121 months. If the Court grants the downward variance mentioned above, the guideline range becomes 78 to 97 months.

<b><u>IMPOSITION OF SENTENCE</u></b>

## I. <u>Imposition of a Sentence under 18 U.S.C. § 3553</u>

> A. <u>18 U.S.C. § 3553(a) factors</u>

The 3553(a) factors support a sentence at the low end of the guideline range, 78 months and do not support a sentence below the guidelines.

> 1. <u>The nature and circumstances of the offense</u>

The Defendant used peer-to-peer software to download and view CSAM. As a result, the CSAM the Defendant viewed and downloaded was made available for others on the network to download and view. There is no way to know how many different sex offenders accessed CSAM because of the Defendant's conduct. Computers operated by law enforcement downloaded numerous horrific files from the Defendant on several different occasions.  The Defendant maintained a massive collection of CSAM.  He possessed images depicting horrendous acts of child sexual abuse, including files depicting the sexual abuse of a toddler.  Additionally, he also possessed hundreds of AI generated CSAM images to satisfy his sexual appetite for children.

The Defendant's repeated viewing of CSAM, and specifically the images depicting live children, is a serious offense that has a significant impact on the child victims in the images and videos.  These CSAM files depict what are no doubt some of the most traumatizing moments of

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

the child's life. The children in the images are not mere abstractions or objects; they are real people, helpless children, who experienced untold horror for these images to be produced. The Defendant, by possessing these images for his own sexual gratification, further exploited these children and perpetuated the CSAM industry. The victim impact statements document the horror that CSAM victims experience. The Court must impose a sentence that adequately reflects the horrific nature of the offense. A below guideline sentence would depreciate the seriousness of the offense.

2.    The history and characteristics of the Defendant

The Defendant is a 36-year-old man, who endured instability, including emotional and physical abuse, as a child.  Despite his unstable upbringing, the Defendant had a successful military career as a radio communication repairer, has a GED and some college experience, has maintained some form of employment for most of his adult life, has no criminal history, does not suffer from substance abuse, and maintains supportive relationships with family.  While the Defendant was recently diagnosed with autism spectrum disorder (level 1), major depressive disorder (recurrent), and some underlying anxiety, there is no correlation or causation between the criminal conduct in the instant case and these very recent diagnoses. (*See* Dkt. 38-2.)  Interestingly, the Defendant, who has now pleaded guilty to possessing CSAM and admitted to masturbating to images of children being sexually abused, was not diagnosed with paraphilia by this same evaluator.

Defendant's comments to investigators that he experienced "clarity," or remorse, after masturbating to CSAM images, indicates that he was able to appreciate the seriousness of his offense.  Despite these periods of self-reflection, the Defendant chose to continue to exploit children to satisfy a deviant sexual desire.  The Defendant's conduct reflects a sexual attraction to children and desire to exploit them.

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

The Defendant's exploitation of children through the repeated downloading and viewing of CSAM is not something that just happened to him. Rather, the Defendant knowingly and deliberately sought out images of children being subjected to horrific abuse. There is nothing about the Defendant's history and characteristics that excuses or mitigates his involvement in this awful conduct. A sentence below the guidelines would not adequately reflect the seriousness of the conduct.

3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

The Defendant's repeated downloading, viewing, and sharing of CSAM is a serious offense. A guideline sentence would promote respect for the law and represent a just punishment. A below guideline sentence would seriously diminish the seriousness of the offense and would send the wrong message to victims of CSAM, and the community.

4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

Children are some of the most vulnerable members of our society. Individuals who seek to exploit children for their sexual desires must be deterred by the criminal justice system. A significant prison sentence is necessary to deter the Defendant and others from sexually exploiting children, and to protect children from further exploitation by the Defendant. A below guideline sentence would diminish the seriousness of the offense and would send the wrong message to the Defendant and the community.

5. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Bureau of Prisons (BOP) can provide the Defendant with a sex offender treatment program. See https://www.bop.gov/policy/progstat/5324_010.pdf. BOP has management programs located throughout the United States, at facilities with differing security levels. If the

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

Defendant is designated to a BOP facility offering such a program, then sentencing the Defendant within the applicable Guideline range would allow him time to participate in such treatment, assuming that he volunteers for the program and makes good faith efforts at participation.

6.    The need to avoid unwarranted sentence disparities

A sentence of 78 months would not constitute an unwarranted sentence disparity with offenders in this District who committed similar offenses. In fact, the Government's recommendation is very much in line with sentences that have been imposed in this District for people who possess CSAM.

7.    The need to provide restitution to any victims of the offense

The Government and the Defendant have stipulated to restitution in the amount of $3,000 for each of the requesting NCMEC-identified victims as outlined in the Final PSR, for a total of $36,000.  (PSR ¶ 12.)

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

## **CONCLUSION**

Application of 18 U.S.C. § 3553 supports a sentence of 78 months and five years of supervised release for the Defendant's commission of the crime of possession of CSAM. A sentence of 78 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing. A lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 15th day of April, 2026.

BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Erin C. Blackadar*
ERIN C. BLACKADAR
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 8**